## W. H. PORTER *v.* THE STATE.

1. ASSAULT WITH INTENT TO MURDER. *Fire-arm. Load. Evidence.*
   If an indictment for assault with intent to murder charges that the pistol was loaded with gunpowder and leaden bullets, the State must show that it was so loaded as to be capable of producing death; but the fact may be established by circumstantial evidence.

2. SAME. *Contents of fire-arm. Instructions.*
   An instruction for the accused in such a case, enumerating the circumstances bearing on the question, with the statement that they are insufficient to prove the fact, is defective, unless it states all the circumstances in evidence from which it can be inferred.

APPEAL from the Circuit Court of Tallahatchie County.
Hon. SAM. POWEL, Judge.
*Fitz Gerald & Marshall,* for the appellant.

The instruction asked should have been given. The evidence being insufficient to prove the offence charged, it was competent for the court so to instruct the jury. *Perry* v. *Clarke,*

5 How. 495; *Frizell* v. *White*, 27 Miss. 198; *Garnett* v. *Kirk-man*, 33 Miss. 389. Where the pistol is charged to have been loaded with a bullet, that fact must be proved or the defendant acquitted. *Vaughan* v. *State*, 3 S. & M. 553; *Hughes's Case*, 5 Car. & P. 126; 1 Arch. Crim. Pr. 888; 2 Bish. Crim. Pr. § 638. Further, the facts in evidence are insufficient to prove that the weapon was loaded as stated in the indictment.

*T. C. Catchings*, Attorney General, for the State.

It is unnecessary to produce direct evidence that the weapon was loaded as charged, but circumstances are sufficient to prove that, like any other fact. 1 Arch. Crim. Pr. 891; 1 Bish. Crim. Pr. § 498. The authorities cited for the appellant hold that the fact must be shown, but do not state the kind of evidence necessary to show it. There is nothing in the statute creating the offence which changes the rules of evidence. The instruction was also properly refused, because it did not state all the facts in evidence tending to show that the pistol was so loaded, and was calculated to mislead the jury by limiting their deliberations exclusively to the facts stated in it.

GEORGE, C. J., delivered the opinion of the court.

The plaintiff in error was indicted for an assault with intent to murder by shooting at one Bloodworth, the prosecutor, with a pistol loaded with gunpowder and leaden bullets. The evidence showed an altercation between the plaintiff in error and the prosecutor, in which, after an insulting epithet had been applied by the prosecutor to the prisoner, the latter immediately fired a pistol at the prosecutor. The shooting did not take effect on the prosecutor, nor did he hear a bullet in its passage through the air. No mark made by a bullet was found until two days afterwards, when such mark was found on a mill-house at which the shooting took place, at a point some twelve feet higher than the prosecutor. On this state of facts the court, at the request of the prisoner, charged the jury, and we think properly, that it was the duty of the prosecution to prove that the pistol was so loaded as to be capable of producing death, and, if the State failed to make this proof to their satisfaction, they must acquit. The prisoner then asked the court to charge the jury, as follows : —

" The proof must be made that the pistol was so loaded as to be capable of producing death; and the facts that the defendant shot the pistol, that the parties were in an angry dispute, that Bloodworth, just before the defendant fired, grossly insulted him, and that the pistol was presented in the direction of Bloodworth when the defendant fired, are not of themselves sufficient to prove the fact, but there must be evidence of the actual fact that the pistol was so loaded."

This request was properly refused. The first part of the charge was defective in its failure to note all the circumstances shown by the evidence, from which the fact that the pistol was loaded with a leaden bullet might have been inferred. There is a total omission of all reference to the mark of a bullet on the mill-house, discovered two days after the shooting. The last clause of the charge is also improper. We do not know what is the precise idea intended to be conveyed by the phrase, " there must be evidence of the actual fact that the pistol was so loaded." Taken in connection with the preceding part of the charge, we infer that the meaning was that there must be direct and positive evidence that the pistol was so loaded. With that construction, the giving of the charge would have been improper. There is no rule of law which prescribes a different mode of proof of the fact that the pistol was loaded with a leaden bullet, than of other facts. Proof by circumstances has been admitted in all ages of the common law. That kind of proof is frequently of the highest credibility, and warrants courts and juries in acting on its truth in the most important concerns of human life. It is frequently the only proof accessible, and to dispense with it when it is sufficient to generate a full conviction of the truth of the proposition it is offered to substantiate would be to deprive the courts of a most important and useful means of arriving at just and proper conclusions as to matters of fact to be tried before them. We consider the rule of law preferred by the request as erroneous. We also think that the circumstances proved well warranted the jury in the conclusion at which they arrived, that the pistol was loaded so as to be capable of producing death.

*Judgment affirmed.*