725 So.2d 247 (1998)
Jim Tom NORMAN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-00780 COA.
Court of Appeals of Mississippi.
December 8, 1998.
*248 William C. Bristow, Tupelo, Attorney for Appellant.
Office of the Attorney General by Pat S. Flynn, Attorney for Appellee.
BEFORE BRIDGES, C.J., HERRING, HINKEBEIN AND KING, JJ.
HERRING, J., for the Court:
¶ 1. Jim Tom Norman appeals to this Court from his conviction in the Circuit Court of Itawamba County, Mississippi, of sexual battery of a child under the age of fourteen years. Norman challenges his conviction on the grounds that: (1) the State failed to establish the sufficiency of the evidence; and (2) the verdict was against the overwhelming weight of the evidence. We find that these assignments of error are without merit, and therefore, we affirm.

A. THE FACTS
¶ 2. Jim Tom Norman and PN married in 1982, and subsequently had a child, AN,[1] in 1986. Shortly after the marriage, the Normans began experiencing marital problems, and the parties finally divorced in 1989. PN and AN moved to Mobile, Alabama, to live with a family member, and Norman continued to reside in Peppertown, Mississippi. *249 While living in the Mobile area, PN met and cohabited with an individual named Charles Rogers. During this time period, AN accused Mr. Rogers of sexual abuse, a crime to which he pled guilty.
¶ 3. In 1993, the Normans attempted to reconcile their marriage, and PN returned to Peppertown, Mississippi, along with AN, to live with Norman. However, the attempt at reconciliation was unsuccessful, and PN and AN returned to the Mobile area. Upon returning to Alabama, AN, who was eight years old at the time, informed her mother that her father had sexually abused her. AN claimed that her father abused her on ten or twelve separate occasions while her mother worked at a local Red Lobster restaurant. AN stated that her father would enter the bedroom which she shared with her younger brother and climb up onto the top bunk bed. AN alleged that her father would insert his finger and penis into her and he would "poke [her] boobies." Furthermore, AN asserted that she did not tell anyone immediately about the incidents because her father threatened to kill her, along with her mother and brother.
¶ 4. After learning of the alleged incidents, PN contacted the local law enforcement authorities and returned to Itawamba County, Mississippi, where Dr. Linda Chidester examined AN for the purpose of evaluating the child for possible sexual abuse. The story told by AN to Dr. Chidester was essentially the same story that AN related at trial. Dr. Chidester observed a scar on AN's fossa navicularis (the vestibule of the vagina) and noted that the hymen, while stretched, was normal for a child of AN's age. The doctor stated that AN's hymen was very patulous, and therefore, a finger or something of a small size could have been inserted without any tearing in the area. On cross-examination, Dr. Chidester acknowledged that she had not examined AN prior to the allegations of sexual abuse by Norman. When questioned about whether AN's injuries could have been caused by the sexual assault committed by Mr. Rogers, the doctor testified that she had not reviewed the previous report and examination. However, Dr. Chidester stated that she understood from AN's mother that the prior physical examination revealed that AN's vaginal area was normal.
¶ 5. The defendant testified in his own behalf and denied that he had sexually abused AN. Norman stated that he was disabled as a result of undergoing three surgeries on his back and tailbone, and therefore, he was in no physical condition to engage in any sexual activities. Additionally, Norman testified that he could not climb up onto the top bunk of the bed and that the bed would not support a grown man. Contrary to PN's testimony, Norman denied that he engaged in sexual intercourse with her following the three surgeries. He asserted that the allegations of sexual abuse were made for strategic purposes in the child custody dispute between him and PN. The record is silent as to whether the child custody dispute was currently pending before the chancery court.
¶ 6. Following the trial in the Circuit Court of Itawamba County, the jury found Norman guilty of sexual battery of a child under the age of fourteen years. The trial court sentenced Norman to serve a term of twenty years in the custody of the Mississippi Department of Corrections.

B. THE ISSUES
¶ 7. Norman appeals and raises the following assignments of error which are taken verbatim from his brief:
I. THE TRIAL COURT ERRED IN ITS FAILURE TO DIRECT A VERDICT IN FAVOR OF APPELLANT, JIM TOM NORMAN, AT THE CLOSE OF THE TRIAL.
II. THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
C. ANALYSIS
I. DID THE TRIAL COURT ERR IN FAILING TO GRANT NORMAN'S MOTION FOR A DIRECTED VERDICT?[2]
*250 ¶ 8. Norman asserts that the trial court erred in denying his motion for a judgment notwithstanding the verdict. He contends that the State failed to establish an essential element of the crime, namely, the act of sexual penetration. Norman claims that the medical evidence presented by Dr. Chidester, the examining physician, was inconclusive because the doctor was not able to ascertain that AN's injury resulted from his alleged actions rather than the prior sexual abuse committed by Charles Rogers.
¶ 9. The indictment in this case alleged that Norman committed a sexual battery upon AN, a child under the age of fourteen years, "by placing his finger and penis in [her] vagina." Section 97-3-95 of the Mississippi Code Annotated, which defines the offense of sexual battery, provides that "[a] person is guilty of sexual battery if he or she engages in sexual penetration with: ... [a] child under the age of fourteen (14) years." Miss.Code Ann. § 97-3-95(1)(c) (Rev.1994). The supreme court has repeatedly held that "[p]enetration is the very essence of the crime of sexual battery." Washington v. State, 645 So.2d 915, 917 (Miss.1994); Johnson v. State, 626 So.2d 631, 632 (Miss.1993). Sexual penetration is defined for purposes of Section 97-3-95 as "any penetration of the genital or anal openings of another person's body by any part of a person's body, and insertion of any object into the genital or anal openings of another person's body." Miss.Code Ann. § 97-3-97(a) (Rev.1994).
¶ 10. This Court's scope of review based on a challenge to the sufficiency of the evidence is well-settled. In reviewing the trial court's denial of a motion for a judgment notwithstanding the verdict, this Court reviews the sufficiency of the evidence in the light most favorable to the State. McClain v. State, 625 So.2d 774, 778 (Miss.1993). All credible evidence which is consistent with Norman's guilt must be accepted as true, and the State is given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Id.
¶ 11. A review of the record reveals that there was sufficient, credible evidence to support Norman's conviction of sexual battery. The State presented evidence that AN was under fourteen years of age at the time of the incidents as well as evidence that Norman sexually penetrated her by inserting his penis and finger into her vagina. Dr. Linda Chidester testified that during her physical examination of AN she discovered a scar on the child's fossa narvicularis and noted that AN's hymen was stretched, though normal. According to Dr. Chidester, the shape of AN's hymen was such that a finger or other small object could penetrate without any tearing to the area. Although the doctor acknowledged on cross-examination that AN's injuries could have resulted from the prior sexual abuse committed by Charles Rogers, AN specifically testified that her father entered her bedroom on ten or twelve separate occasions and sexually abused her. AN stated that on each occasion her father removed her clothing and then inserted his finger and penis into her and "poked [her] boobies."
¶ 12. During the trial, the jury heard the testimony from the various witness, including the defendant and his theory of the events. The trial court also instructed the jury regarding the necessary elements of sexual battery. Accordingly, we find that the evidence presented in this case, if accepted by the jury, was sufficient to support Norman's conviction. The jurors were free to assess the credibility of the witnesses. Thus, Norman's allegation that the trial court erred in denying his motion for a judgment notwithstanding the verdict is without merit.

II. DID THE TRIAL COURT ERR IN DENYING NORMAN'S MOTION FOR A NEW TRIAL?
¶ 13. Norman also asserts that the trial court erred in denying his motion for a new trial because the verdict was against the overwhelming weight of the evidence. He argues that the testimony of the witnesses, *251 including his daughter and ex-wife, was not reliable. Because of the familial relationship between the witnesses and the child custody dispute, Norman claims that their testimony was suspect, and therefore, the conviction was not supported by substantial evidence. Additionally, Norman contends that he was not physically able to climb up onto the top bunk of the bed or engage in sexual activities after undergoing three separate surgeries on his back.
¶ 14. In reviewing the decision of the trial court, this Court views all of the evidence in the light consistent with the jury verdict. Strong v. State, 600 So.2d 199, 204 (Miss.1992). "It is the function of the jury to weigh the evidence and to determine the credibility of the witnesses." Miller v. State, 634 So.2d 127, 130 (Miss.1994). Accordingly, a motion for a new trial should only be granted to prevent an unconscionable injustice. McClain v. State, 625 So.2d 774, 781 (Miss.1993). We will reverse and remand for a new trial only upon reaching the conclusion that the trial court has abused its discretion in failing to grant a new trial. Herring v. State, 691 So.2d 948, 957 (Miss.1997).
¶ 15. During the trial, each of the potential conflicts of interest which Norman raises on appeal were brought to the attention of the jury. On both direct and cross-examination, testimony was elicited from PN and AN concerning their familial relationship and the subsequent divorce and child custody proceedings. The defense also thoroughly questioned PN about the allegations of sexual abuse and the child custody dispute. Despite Norman's claim that he was temporarily disabled after undergoing back surgery, PN testified that she and Norman continued to engage in sexual activities shortly after the surgery and that Norman also replaced the kitchen flooring during this time period.
¶ 16. We find that the jury was entitled to determine the credibility of the witnesses and to conclude, after hearing all of the testimony, that the proof established that Norman was guilty of sexual battery of a child under the age of fourteen years. As a result, we find that the verdict was not against the overwhelming weight of the evidence.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF ITAWAMBA COUNTY OF CONVICTION OF SEXUAL BATTERY OF A CHILD UNDER THE AGE OF FOURTEEN YEARS AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO ITAWAMBA COUNTY.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.
NOTES
[1] The name of the victim and her mother will not be used in an attempt to prevent them from being further traumatized as a result of this criminal act.
[2] A motion for a directed verdict, a request for a peremptory instruction, and a motion for a judgment notwithstanding the verdict are all procedural vehicles for a defendant to challenge the sufficiency of the evidence. Although Norman challenges the trial court's failure to grant his motion for a directed verdict, we must review the court's ruling on the sufficiency of the evidence on the last occasion when the court considered such a motion. See Smith v. State, 646 So.2d 538, 542 (Miss.1994). Therefore, we will review the trial court's ruling on Norman's motion for a judgment notwithstanding the verdict.