LEE, P.J.,
 

 for the Court:
 

 PROCEDURAL HISTORY
 

 ¶ 1. Albert Joiner, Jr., pleaded guilty in the Lafayette County Circuit Court to felony fleeing from a law enforcement officer and strong armed robbery. He was sentenced as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev.2007) to four years for felony fleeing and fifteen years for strong armed robbery. The sentences were ordered to be served consecutively in the custody of the Mississippi Department of Corrections. Joiner filed a motion for post-conviction relief, which was denied by the trial court.
 

 ¶ 2. Joiner now appeals the denial of his motion for post-conviction relief, asserting the following issues: (1) he was improperly charged as a habitual offender; (2) he was improperly sentenced as a habitual offender; and (3) he was denied effective assistance of counsel. For judicial economy, issues one and two will be discussed together. Finding no error, we affirm the denial of Joiner’s motion for post-conviction relief.
 

 STANDARD OF REVIEW
 

 ¶ 3. A trial court’s denial of a motion for post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised, the proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 DISCUSSION
 

 I. HABITUAL-OFFENDER STATUS
 

 ¶ 4. Joiner argues that the indictment failed to notify him that he was being charged as a habitual offender. As part of Joiner’s plea bargain, Count II of the indictment, possession of a weapon by a convicted felon, was dismissed. Count II lists five felonies with which Joiner had been previously convicted. Joiner asserts that since Count II was dismissed, the indictment no longer contained the necessary information to charge him as a habit
 
 *173
 
 ual offender pursuant to Mississippi Code Annotated section 99-19-81.
 

 ¶ 5. Section 99-19-81 states:
 

 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
 

 ¶ 6. Joiner is correct that the plea petition does not list his prior felony convictions. However, Joiner voluntarily pleaded guilty to a reduced charge of “felony fleeing lesser habitual.” He was originally charged as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev.2007). During the plea colloquy, the trial judge explained to Joiner that he would be sentenced as a lesser-habitual offender, which meant that Joiner would serve his nineteen-year sentence “day-for-day” without eligibility for parole or probation rather than life without eligibility for parole or probation under section 99-19-83. Joiner does not deny that he has five prior felonies. Because the reduced sentence was part of Joiner’s plea bargain, we find that the record shows that Joiner was aware of his eligibility for sentencing as a habitual offender. This issue is without merit.-
 

 II. INEFFECTIVE ASSISTANCE OF COUNSEL
 

 ¶ 7. Joiner argues his counsel was ineffective for allowing him to enter his guilty pleas as a habitual offender without supporting proof of his prior felony convictions.
 

 ¶ 8. To prevail on a claim of ineffective assistance of counsel, Joiner must prove that his counsel’s performance was deficient, and the deficient performance prejudiced his defense.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Joiner stated in his plea colloquy that his attorney had properly advised him of the charges and sentences, and he was satisfied with his attorney’s representation. While the supreme court has repeatedly stated that “[t]he best evidence of a conviction is a certified copy of the judgment of conviction[,] ... the defendant’s in-court admission of prior felony convictions has been found sufficient to permit a finding of habitual[-]offender status.”
 
 Short v. State,
 
 929 So.2d 420, 426 (¶ 16) (Miss.Ct.App.2006). Therefore, no additional proof of Joiner’s prior felonies was needed.
 

 ¶ 9. Also, we note that Joiner was originally indicted for felony fleeing, armed robbery, and possession of a deadly weapon by a felon; and he faced a possible life sentence as a habitual offender. His attorney negotiated a deal wherein the armed-robbery charge was reduced to strong armed robbery, and the charge of felon in possession of a deadly weapon was dismissed. His attorney also negotiated a reduced sentence of nineteen years as a habitual offender under section 99-19-81 rather than a life sentence as a habitual offender under section 99-19-83. We find this issue is without merit.
 

 ¶ 10. THE JUDGMENT OF THE LAFAYETTE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAFAYETTE COUNTY.
 

 
 *174
 
 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.