IRVING, P.J., DISSENTING:
 

 ¶ 22. Our jurisprudence is clear: "[A] defendant has a right to be indicted as a habitual offender before he properly may be convicted and sentenced as a habitual offender."
 
 Joiner v. State
 
 ,
 
 61 So.3d 156
 
 , 158 (¶ 6) (Miss. 2011). And the majority is correct that a defendant waives his right to complain that he was sentenced as a habitual offender-without first being indicted as such-when he enters a knowing and voluntary guilty plea.
 

 Id.
 

 However, if a defendant has a right to be indicted as a habitual offender before he properly may be convicted and sentenced as such, it is counterintuitive to conclude that he waives that right even if he has not been properly indicted-unless the record affirmatively shows that he knew that he had not been legally indicted but decided to plead guilty anyway, despite the indictment's defect. The transcript of the plea colloquy between the circuit judge and Cooper does not make such a showing; therefore, I dissent.
 

 ¶ 23. First, I should note that prior to Cooper's guilty plea, it was the responsibility of the State to ensure that Cooper had been properly indicted as a habitual offender and if he had not been, to either properly amend the indictment or obtain an on-the-record, knowing and voluntary waiver from Cooper of his right to be indicted as a habitual offender. For sure, he had not been properly indicted, and there is nothing in the record to indicate that he was aware of that.
 

 ¶ 24. I reiterate what I said in the opening paragraph: Mississippi law provides that a defendant has a right to be indicted as a habitual offender before he properly may be convicted and sentenced as a habitual offender. It is not legitimately debatable that Cooper's indictment failed to allege the necessary prerequisites to adjudge him a habitual offender because, as to one of the predicate felonies, the indictment alleges that Cooper had been sentenced to only six months' imprisonment for that felony. The applicable habitual-offender statute, Mississippi Code Annotated section 99-19-81 (Rev. 2015), requires that the defendant must have been sentenced to one year or more for both predicate felonies.
 

 ¶ 25. Apparently, the majority agrees that the indictment charging Cooper as a habitual offender is defective because it does not attempt to make the case that Cooper was properly indicted as a habitual
 offender.
 
 [1]
 
 Rather, it relies instead on the waiver argument, and apparently finds, by virtue of its affirmance of the judgment denying post-conviction relief, that the State obtained a valid waiver during the plea hearing.
 

 ¶ 26. Respectfully, I must say that what the majority finds as a waiver is nothing more than an abbreviated and perfunctory recitation or certain rights that are waived upon the entry of a guilty plea, and an affirmance by Cooper that he understood that. Conspicuously absent, however, from that colloquy is any discussion of the length of the sentences Cooper received for the predicate felonies. I quote the relevant portion of the plea colloquy:
 

 Q. Mr. Cooper, do you admit that you committed the crime of false pretense as set forth in the only count in your [i]ndictment?
 

 A. Yes, sir.
 

 Q. Do you admit you've been convicted of these underlying felonies which establish you as a Section 99-19-81 habitual offender?
 

 A. Yes, Your Honor.
 

 Q. Is it your decision and your decision alone to plead guilty?
 

 A. Yes, Your Honor.
 

 Q. Are you asking me to accept that plea?
 

 A. Yes, I am.
 

 ¶ 27. As noted, during the sentencing hearing, Cooper was asked this question: "Do you admit you've been convicted of these underlying felonies which establish you as a [s]ection 99-19-81 habitual offender?" Cooper answered affirmatively. The most that can be said of Cooper's answer is that he admitted he committed the felonies. Whether the felonies and sentences that he received for them propelled him into the habitual-offender sentencing stratosphere is a legal question.
 

 ¶ 28. It is clear that the question, as posed by the circuit court, erroneously and affirmatively asserted that the underlying felonies established that Cooper was a section 99-19-81 habitual offender. In other words, the court's question peremptorily instructed Cooper that he had been properly indicted as a section 99-19-81 habitual offender. Therefore, relying upon Cooper's answer, as does the majority, to establish that he was agreeing that he was a habitual offender begs the question. Nothing in the record allows us to reach the conclusion that Cooper knew the indictment was insufficient to charge him as a habitual offender and that he was pleading guilty anyway as a habitual offender. The circuit court certainly did not advise Cooper of the requirements-choosing instead to erroneously instruct through its question that the requirements had been met, and Cooper's counsel's statement to the circuit court that he "was satisfied the State could
 prove the underlying convictions establishing Mr. Cooper as an habitual offender pursuant to ... [s]ection 99-19-81" does not prove that counsel had discussed the indictment defect with Cooper.
 

 ¶ 29. Cooper's response to the judge's question is sufficient to conclude that Cooper pleaded guilty as a habitual offender, but it is not sufficient to conclude that Cooper knew that he had not been properly indicted as a habitual offender but agreed to plead guilty as a habitual offender anyway. Therefore, on these facts, it cannot be legitimately argued that Cooper's plea-as a habitual offender-was knowing and voluntary. I am at a loss to discern how Cooper could have pleaded knowingly and voluntarily as a habitual offender after being misled by the court into believing that his prior crimes established him as a habitual offender, when they did not. I cannot imagine that the majority means to suggest that Cooper knowingly pleaded guilty as a habitual offender because before he pleaded, the circuit judge had erroneously informed him that the predicate felonies in the indictment established him as a habitual offender. But that is the proposition that must be embraced to find, as does the majority, that Cooper knowingly and voluntarily pleaded guilty as a habitual offender.
 

 ¶ 30. For the reasons presented, I dissent.
 

 BARNES AND WESTBROOKS, JJ., JOIN THIS OPINION.
 

 After the introductory portion of the indictment, it reads in relevant part:
 

 and the said ALLAN DAVID COOPER having been previously convicted of Bank Fraud in Case No. 2:96-CR-20197-001-TU in the United States District Court for the Western District of Tennessee and sentenced on June 19, 1997, to serve a term of six months imprisonment and three years of supervised release;
 

 and the said ALLAN DAVID COOPER having been previously convicted of Theft of Property over $1000 in Case No. 03-05362 in the Criminal Court of Shelby County, Tennessee and sentenced on February 14, 2005, to serve a term of three years in a Tennessee Department of Corrections Workhouse; and the said ALLAN DAVID COOPER thereby coming under Section 99-19-81, Mississippi Code 1972 Annotated, as amended, a Mississippi habitual offender statute, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.