# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-00655-COA

**ADAM LEE PINKTON**                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                **APPELLEE**

DATE OF JUDGMENT:            05/06/2024
TRIAL JUDGE:                 HON. CHARLES E. WEBSTER
COURT FROM WHICH APPEALED:   BOLIVAR COUNTY CIRCUIT COURT,
                             FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:      ADAM LEE PINKTON (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                 AFFIRMED - 04/15/2025
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., LAWRENCE AND EMFINGER, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.     On September 21, 2023, Adam Pinkton filed a motion for post-conviction collateral relief (PCR) in the Bolivar County Circuit Court. The court denied the motion because it was untimely, and, as part of his plea bargain agreement, he waived his right to file any motion or other request for relief under the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA). The court also found that Pinkton's claims were meritless. Pinkton appealed the denial. Upon review, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On April 2, 1984, Adam Pinkton pled guilty to capital murder for killing a storekeeper

after attempting to rob the store. On April 12, 1984, a jury imposed the death sentence on Pinkton. Pinkton appealed his death sentence, and the Mississippi Supreme Court vacated his sentence because the jury failed to make written findings in support of their imposition of the death penalty, as required by Mississippi Code Annotated section 99-19-101(7) (Supp. 1983). The Mississippi Supreme Court reversed and remanded the case for re-sentencing. *Pinkton v. State*, 481 So. 2d 306, 310 (Miss. 1985). Pinkton then entered into a plea bargain agreement with the State, waiving his right to appeal his conviction and sentence or challenge them under the UPPCRA.[1] In return for those waivers, the State recommended that Pinkton be sentenced to life imprisonment. On April 7, 1986, the circuit court accepted the plea agreement and sentenced him to life imprisonment in the custody of the Mississippi Department of Corrections.

¶3.    Thirty-seven years later, on September 21, 2023, Pinkton filed a motion for PCR. First, he claimed that his indictment was defective and insufficient because it failed to include the essential element of "a human being." Second, he claimed that his attorneys rendered ineffective assistance of counsel because they failed to recognize the deficiency in

---

[1] The plea bargain agreement stated, "The defendant hereby waives his right to a trial by jury during the sentencing phase, and hereby waives his right during the sentencing phase to the confrontation of witnesses, to his right of appeal from adverse rulings, verdict and adjudications, and the defendant specifically hereby waives his right to file any motion or other request for relief under the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1 to -29 (Supp. 1985), specifically objecting to or complaining about the charge of capital murder and its underlying felony of armed robbery, and sentences for armed robbery, capital murder, and aggravated assault . . . ."

the indictment. Third, he argued that he was subjected to double jeopardy.

¶4.     The circuit court denied Pinkton's claim and dismissed his PCR motion because his claims were time-barred, and he had waived his right to file any motion or other request for relief under the UPCCRA the plea bargain agreement. Nevertheless, the circuit court addressed each claim raised in Pinkton's PCR motion and found that each claim was without merit. Pinkton now appeals, arguing the same issues.

## STANDARD OF REVIEW

¶5.     When reviewing a circuit court's decision to deny a PCR motion, this Court will not disturb the circuit court's factual findings unless they are found to be clearly erroneous. *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999) (citing *Bank of Miss. v. S. Mem'l Park Inc.*, 677 So. 2d 186, 191 (Miss. 1996)). When issues of law are raised, we apply a de novo review. *Rice v. State*, 910 So. 2d 1163, 1164-65 (¶4) (Miss. Ct. App. 2005) (citing *Brown*, 731 So. 2d at 598 (¶6)).

## ANALYSIS

¶6.     Pinkton raises three issues on appeal. First, he claims that his indictment was defective and insufficient because it failed to include the words "a human being," which he argues is an essential element. Second, he claims that his attorneys rendered ineffective assistance of counsel because they failed to recognize the deficiency in the indictment. Third, he argues that he was subjected to double jeopardy.

¶7.     A defendant who pleads guilty to a charge and later files a PCR motion under the

3

UPCCRA must file it within three years after the judgment of conviction. The Mississippi Supreme Court has made clear that an untimely PCR motion is barred if it is filed beyond the three-year time period unless the claim fits within one of the express statutory exceptions. *Howell v. State*, 358 So. 3d 613, 615-16 (¶¶8, 12) (Miss. 2023). The statutory exceptions to the three-year time-bar are for (1) an intervening decision of the Mississippi Supreme Court or United States Supreme Court that "would have actually adversely affected the outcome of his conviction or sentence," (2) newly discovered evidence that is "of such nature that it would be practically conclusive" that it would have caused a different outcome if introduced at trial, (3) the testing of certain biological evidence, (4) claims that the movant's "sentence has expired or his probation, parole or conditional release has been unlawfully revoked," and (5) certain motions for relief in cases where the death penalty is imposed. Miss. Code Ann. §§ 99-39-5(2) & -23(6) (Rev. 2020).

¶8.     In April 1986, Pinkton was re-sentenced for his 1984 capital murder conviction. Yet his PCR motion was filed over thirty-seven years later in September 2023. His claims for ineffective assistance of counsel, a defective indictment, and double jeopardy are not statutory exceptions to the time-bar. The circuit court correctly determined that Pinkton's motion was time-barred.

¶9.     Notwithstanding that his PCR was time-barred, we will address the merits of his claims, which are all legally insufficient to set aside his plea or sentence. First, he argues that the indictment charging him with capital murder was defective and insufficient because of

its failure to include the words "a human being" when describing the victim. "[C]hallenges to the substantive sufficiency of an indictment may not be waived and consequently may be raised for the first time on appeal." *Ross v. State*, 954 So. 2d 968, 1015 (¶126) (Miss. 2007) (quoting *State v. Berryhill*, 703 So. 2d 250, 254 (Miss. 1997)). However, a defendant's "valid guilty plea . . . waives all nonjurisdictional defects or insufficiencies in the indictment." *Scurlock v. State*, 147 So. 3d 894, 896 (¶9) (Miss. Ct. App. 2014) (citing *Joiner v. State*, 61 So. 3d 156, 158 (¶7) (Miss. 2011)). Therefore, when Pinkton pled guilty to capital murder, he waived his right to argue that his indictment was insufficient. This claim is meritless.[2]

¶10.    Pinkton also alleged ineffective assistance of counsel. To succeed on his ineffective-assistance claim, Pinkton must establish (1) his attorney's "performance was deficient," and (2) "the deficient performance prejudiced [his] defense." *Hughes v. State*, 321 So. 3d 1244, 1247 (¶7) (Miss. Ct. App. 2021). "[A] voluntary guilty plea waives claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Malone v. State*, 379 So. 3d 388, 397 (¶23) (Miss. Ct. App. 2024) (quoting *Thomas v. State*, 159 So. 3d 1212, 1215 (¶10) (Miss. Ct. App. 2015)). Furthermore, because Pinkton pled guilty, he "can only prevail on his claim [of ineffective assistance of counsel] by demonstrating that there is a reasonable probability that,

_____

[2] Regardless of Pinkton's waiving his right to argue the indictment was insufficient, this Court has held that the State is not required to "put on affirmative proof, beyond the specific identity of the victim, that the victim was a human being." *Coffield v. State*, 749 So. 2d 215, 217 (¶7) (Miss. Ct. App. 1999).

but for counsel's unprofessional errors, the result of the proceeding would have been different." *Tran v. State*, 373 So. 3d 597, 600 (¶6) (Miss. Ct. App. 2023) (citations and internal quotation marks omitted).

¶11. First, he waived his right to claim ineffective assistance of counsel when he agreed to enter a guilty plea. *See Joiner*, 61 So. 3d at 158 (¶7). Second, Pinkton claimed that his attorneys rendered ineffective assistance of counsel because they failed to recognize the deficiency in the indictment, but, as explained above, the indictment was not deficient. Thus, his attorneys had no reason to challenge it. *See Coffield*, 749 So. 2d at 217 (¶7).

¶12. Lastly, Pinkton claims that he was subjected to double jeopardy. He argued that the court was prohibited from re-sentencing him on the capital murder conviction after the reversal of his death penalty sentence. He also argued that he was subjected to double jeopardy because he received "multiple punishments for the same offense." Double jeopardy provides three separate protections: "(1) protection from a second prosecution for the same offense after acquittal, (2) protection from a second prosecution for the same offense after conviction, and (3) protection from multiple punishments for the same offense. " *Swaim v. State*, 281 So. 3d 313, 316 (¶12) (Miss. Ct. App. 2018) (quoting *Cox v. State*, 134 So. 3d 712, 714 (¶8) (Miss. 2014) (quoting *Kelly v. State*, 80 So. 3d 802, 805 (¶10) (Miss. 2012))).

¶13. Pinkton's re-sentencing did not violate any of these protections. He was never "punished" by the jury's death sentence because the Mississippi Supreme Court set that sentence aside, and it was obviously never carried out. His case was remanded for a new

6

sentencing by a jury, which he avoided by entering into a plea-bargain sentence with the State. He was only sentenced one time for the capital murder he committed. Re-sentencing is not double jeopardy. *See Reddix v. State*, 547 So.2d 792 (Miss. 1989); *Wheeler v. State*, 536 So. 2d 1341 (Miss. 1988); *White v. State*, 532 So. 2d 1207 (Miss. 1988); *Bullock v. State*, 525 So. 2d 764 (Miss. 1987); *Edwards v. State*, 441 So. 2d 84 (Miss. 1983); *Dycus v. State*, 440 So. 2d 246 (Miss. 1983); *Coleman v. State*, 378 So. 2d 640 (Miss. 1979). Pinkton did not receive multiple punishments for the same offense. He was sentenced to life imprisonment for the capital murder that a jury found he committed. Therefore, this issue is without merit.

## CONCLUSION

¶14.    Pinkton's arguments in his PCR motion were time-barred. All of Pinkton's arguments were also waived when he stood in court, under oath, and waived his right to amend or file a PCR motion. Finally, time-bar and waiver notwithstanding, all of Pinkton's arguments are without merit.

¶15.    **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD AND ST. PÉ, JJ., CONCUR.  McCARTY, J., CONCURS IN PART AND IN THE RESULT WITH SEPARATE WRITTEN OPINION, JOINED BY WILSON, P.J, EMFINGER AND WEDDLE, JJ.**

**McCARTY, J., CONCURRING IN PART AND IN RESULT:**

¶16.    Because I believe the majority's analysis in paragraphs 9 through 13 is foreclosed by the Supreme Court's decision in *Howell*, 358 So. 3d at 615-16 (¶¶8, 12), I would affirm the circuit court's ruling that the petitioner's claims were time-barred without further discussion.

Pursuant to that decision, "PCR claims are time-barred if filed beyond the three-year time period unless the claim fits within one of the express statutory exceptions." *Hall v. State*, 370 So. 3d 214, 216 (¶6) (Miss. Ct. App. 2023). It is only when one of these exceptions applies that we can proceed to review any claims, and as we have previously held in another PCR case, a petitioner "must *prove* an exception applies." *Bell v. State*, 207 So. 3d 705, 707 (¶6) (Miss. Ct. App. 2016) (emphasis added). Because Pinkton has not done that in this case, we should not proceed to the merits.

**WILSON, P.J., EMFINGER AND WEDDLE, JJ., JOIN THIS OPINION.**